IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3108 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS COLEMAN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Thomas Coleman (Coleman) has filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion.[1] It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that he is not entitled to relief.

## I. BACKGROUND

Coleman conditionally pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Coleman reserved the right to appeal my denial of his motion to suppress evidence seized from his motor home.

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At sentencing, I applied an armed career criminal sentence enhancement under 18 U.S.C. § 924(e), which mandates a minimum 15-year prison sentence. Coleman objected to each of the three prior convictions offered to support the enhancement. I overruled Coleman's objections, finding all three of the convictions met the statutory requirements under 18 U.S.C. § 924(e). I sentenced Coleman to 180 months imprisonment.

On appeal, Coleman argued that I erred in finding (1) probable cause existed for the stop; (2) reasonable suspicion supported extension of the stop; (3) Coleman was not subjected to custodial interrogation; (4) probable cause or concern for the officer's safety justified search the motor home; (5) Coleman's 1998 robbery and aggravated assault conviction qualified as a violent felony under 18 U.S.C. § 924(e); (6) Coleman's 1999 possession of marijuana with intent to distribute conviction qualified as a serious drug offense under 18 U.S.C. § 924(e); and (7) Coleman's 1994 attempted sale of a controlled substance conviction also qualified as a serious drug offense under 18 U.S.C. § 924(e).

The Court of Appeals disagreed, and affirmed the conviction and sentence. (Filing no. 109.) *See United States v. Coleman*, 700 F.3d 329 (8th Cir. 2012). Coleman's petition to the Supreme Court for a writ of certiorari was denied on May 13, 2013. (Filing no. 132.) Coleman's § 2255 motion was filed on April 28, 2014. (Filing no. 141.)

## II. ANALYSIS

In a long and scattershot motion, Coleman presents several grounds for relief. Most of them warrant no discussion because they obviously have no merit, Coleman failed to raise them on appeal, or Coleman raised them on appeal and they were rejected by the Court of Appeals. Therefore, I discuss only his claim under *Descamps v. United States*, 133 S. Ct. 2276 (June 20, 2013) and his ineffective assistance of counsel claims.

-2-

In *Descamps*, the Supreme Court reiterated that when determining whether a defendant had committed a prior "violent felony" a sentencing court must use only the "categorical" approach. *Id.* at 133 S.Ct. 2281-2293. The Court said that the "modified categorical" approach is only a tool to be used to implement the "categorical" approach as when a statute refers to several different crimes (like breaking and entering four alternative places at night with different penalties for each crime). Coleman claims that *Descamps* requires reversal of his 15 year statutory minimum sentence.

As the Eighth Circuit explained in Coleman's case, it used the "categorical approach" when examining Coleman's 1998 violent felonies. The Court, looking only at the statutes and the charging instruments, concluded that Coleman's prior state convictions for robbery and aggravated assault–essentially a mugging– both qualified as a violent felonies under the Armed Career Criminal Act (ACCA). *Coleman*, 700 F.3d at 338. Nor was the "modified categorical approach" used in Coleman's case to determine whether he was guilty of two serious drug offenses as the only sources consulted were the charging instruments, the underlying statutes and legal cases. *Id.* at 338-339. In short, the "modified categorical approach" was not used at sentencing or on appeal, and *Descamps* therefore provides Coleman with no basis for relief.

Additionally, Coleman claims that his retained counsel, Matthew R. Kahler, provided ineffective assistance of counsel here and on appeal. Therefore, the *Strickland* standard must be applied. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[2] and (2) that "'there is a reasonable

---

[2] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[3] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective-assistance-of-counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

As best I understand it, Coleman argues that he did not know that he could be sentenced to a mandatory minimum sentence of 15 years and that his lawyer provided ineffective assistance of counsel either by keeping Coleman in the dark or by telling him that he would serve much less time, perhaps as little as three years, if he entered a conditional guilty plea.

---

wide range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[3] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

The files and records conclusively demolish this allegation. Initially, the plea agreement, that Coleman signed, laid out in detail that Coleman was facing a minimum of 15 years depending upon the legal significance under federal law of various stipulated convictions.

Coleman agreed in writing that:

Defendant has fully addressed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

    1.    That on or about July 31, 2010, Trooper Bauer with the Nebraska State Patrol stopped a motor home which was being driven by the defendant. The defendant was the only occupant in the motor home. During the course of the traffic stop, Trooper Bauer searched the motor home. In the back of the motor home, underneath the bed, Bauer found a rifle.

    2.    Before July 31, 2010, the rifle was manufactured outside the State of Nebraska and traveled in and affected interstate commerce at some point before it was recovered by Bauer.

    3.    The defendant has been previously convicted of the following felony offenses, punishable by imprisonment for a term exceeding one year:

Attempted criminal sale of a controlled substance, 3rd degree, by the Supreme Court of the State of New York, Queens County, on August 24, 2984 [sic];

Criminal sale of a controlled substance, 5th degree, by the Supreme Court of the State of New York, Queens County, on September 27, 1988;

>    Attempted criminal possession of a controlled substance, 5th degree, by the Supreme Court of the State of New York, Queens County, on June 10, 1992; and
>
>    Possession of marijuana with the intent to distribute, robbery and aggravated assault by the Superior Court of Fulton County, Georgia, on November 17, 1999.[4]

(Filing no. 74 at ¶ IIB.)

The plea agreement then provided a detailed elaboration of the possibly penalties:

>    A.    COUNT I.    Defendant understands that the crime to which defendant is pleading guilty carries the following penalties.
>
>    If the defendant if [sic] found to qualify as an armed career criminal pursuant to 18 U.S.C. § 924(e), then the statutory penalties are as follows:
>
>    1.    A maximum of life in prison; and a mandatory minimum of 15 years;
>
>    2.    A maximum $250,000 fine;
>
>    3.    A mandatory special assessment of $100 per count; and
>
>    4.    A term of supervised release of 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
>
>    5.    Possible ineligibility for certain Federal benefits.

---

[4]I later held that Coleman's factual stipulation did not preclude him from challenging whether the convictions were "violent felonies."

If the defendant does not qualify as an armed career criminal, then the statutory penalties are as follows:

1. A maximum of 10 years in prison;

2. A maximum $250,000 fine;

3. A mandatory special assessment of $100 per count; and

4. A term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

(Filing no. 74 at ¶ IIIA.)

Coleman's plea agreement was discussed in detail with him during the Rule 11 proceedings and he said he understood and agreed with the terms of the plea agreement including the fact that he could get 15 years or more in prison. (Filing no. 78 at CM/ECF p. 15.) He specifically stated in writing that no promises had been made except for those set out in the plea agreement. (Filing no. 73 at CM/ECF p. 10.) After an oral advisement about the terms of the plea agreement and the meaning of it, Coleman stated under oath that no promises were made to him except for those set out in the written plea agreement. (Filing no. 78 at CM/ECF p. 19.) At sentencing, after it was made clear once again that Coleman faced at least 15 years in prison, and after Coleman was provided with a recess to consult his counsel on this issue, I specifically inquired whether Coleman wanted me to adopt the plea agreement and Coleman said that is what he wanted. (Filing no. 102 at CM/ECF pp. 2, 13-16.)

There is no question that the stark choices confronting Coleman were laid out in great detail. Despite the contention that his counsel was somehow unclear or pulled

the wool over his eyes, the record does not support the claim. In summary, trial counsel was not ineffective in how he handled the sentencing issues regarding the 15-year statutory minimum with Coleman.

Next, and as to the issue of Kahler's performance on appeal, Coleman argues (primarily by reference to his appendix reproducing a letter to Kahler (filing no. 141 at CM/ECF pp. 66-68)) that his lawyer failed to use cases Coleman sent him for inclusion on appeal. That by itself does not warrant relief even if true. *See, e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (defense counsel assigned to prosecute an appeal does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant). More to the point, I have carefully reviewed the appendix (filing no. 141 at CM/ECF pp. 66-68.) Had Kahler cited or argued everything that Coleman requested, it would not have made the slightest difference. Once again, Coleman's ineffective assistance of counsel claim, this time regarding counsel's conduct on appeal, has no merit.

IT IS ORDERED that:

1. Coleman's Motion to Vacate Under 28 U.S.C. § 2255 (filing no. 141) is denied and dismissed with prejudice.

2. A separate judgment will be issued.

3. No certificate of appealability will be issued.

July 14, 2014                    BY THE COURT:
                                 *Richard G. Kopf*
                                 Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.